UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIO EDISON EXPINOZA-GALLO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No.  1:26-cv-01429-JLT-HBK (HC)

ORDER DIRECTING SUPPLEMENTAL BRIEFING

SEVEN-DAY DEADLINE

Petitioner, an immigrant detainee in U.S. Immigration Customs and Enforcement (ICE) custody at the California City Detention Facility in California City, California, has a counseled petition for writ of habeas corpus pending under 28 U.S.C. § 2241.  (Doc. 1).  The petition challenges, *inter alia*, his continued detention under 8 U.S.C. § 1226(a) as a violation of his Fifth Amendment due process rights following the vacatur of his domestic violence conviction and the immigration judge's ("IJ") termination of his removal proceedings.  (*Id*. at 8).  As relief, Petitioner seeks, *inter alia*, immediate release from custody or, in the alternative, a bond hearing. (*Id*.).

On March 9, 2026, Respondent filed a response the petition, requesting that the Court either stay the proceedings or dismiss the petition without prejudice pending DHS' appeal to the Board of Immigration Appeals ("BIA") of the IJ's decision terminating Petitioner's removal proceedings after the underlying domestic violence conviction was vacated.  (Doc. 8).

Respondents argue that (1) DHS's pursuit of appellate review before the BIA does not violate Petitioner's due process rights, regardless of the appeal's merit, and (2) Petitioner previously requested and received a custody redetermination hearing, at which release was denied based solely on three prior DUI convictions, rather than the subsequently vacated domestic violence conviction, and Petitioner did not appeal that determination. (*Id.*).

On March 16, 2026, Petitioner filed a reply arguing that (1) he is not required to exhaust administrative remedies because he "litigated before the IJ and won," and the government's appeal does not "restore statutory detention authority" under 8 U.S.C. § 1226(a) because his removal proceedings were terminated with prejudice; and (2) the October 8, 2026 bond hearing does not satisfy due process because it predated a "material change in Petitioner's legal status"– namely, the IJ's November 18, 2025 decision terminating his removal proceedings with prejudice. (Doc. 9).

The Court finds supplemental briefing would assist in resolving Petitioner's claims. Accordingly, it is hereby **ORDERED**:

1) Within **seven (7) days** from the date of this Order, Petitioner shall submit supplemental briefing as follows:

    a.  Update the Court as to the current status of Petitioner's removal proceedings, including (1) DHS's appeal to the BIA of the IJ's order, and (2) any subsequent requests for custody redetermination. Because Petitioner is undisputedly detained under the discretionary framework of § 1226(a), he may request an additional bond hearing upon a showing of materially changed circumstances. *See* 8 C.F.R. § 1003.19(e).

    b.  Provide specific legal authority supporting the argument that DHS lacks statutory authority to detain Petitioner under 8 U.S.C. § 1226(a) while its appeal of the IJ's decision terminating removal proceedings is pending. *Cf. Prior v. Andrews*, 2025 WL 2675569, at *5 (E.D. Cal. Sept. 18, 2025) (citing Matter of E-Y-F-G, I&N Dec. 103 (BIA 2015)

("The Immigration Judge's grant of relief in removal proceedings is not final as it has been appealed.").

  c. Specifically address why Petitioner's continued detention under § 1226(a) without a second bond hearing violates due process, particularly in light of *Rodriguez Diaz v. Garland*. 53 F.4th 1189, 1207-14 (9th Cir. 2022) (holding that due process did not require second bond hearing for noncitizen detained over fourteen months after an initial § 1226(a) bond hearing, where no constitutional error was shown in the first hearing and the noncitizen could seek a second hearing upon demonstrating changed circumstances under 8 C.F.R. § 1003.19(e)).

2) Within **seven (7) days** of service of Petitioner's supplemental briefing, Respondents shall file a response addressing the issues above and providing additional argument and legal authority as appropriate.

Dated:   May 20, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3