UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIO EDISON EXPINOZA-GALLO,

Petitioner,

v.

CHRISTOPHER CHESTNUT, et al.,

Respondents.

Case No.  1:26-cv-01429-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO DENY PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE[1]

(Doc. 1)

FOURTEEN-DAY OBJECTION PERIOD

Petitioner Patricio Edison Expinoza-Gallo is an immigration detainee in U.S. Immigration and Customs and Enforcement ("ICE") custody at the California City Detention Facility in California City, California.  He proceeds through counsel on a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed on February 18, 2026.  (Doc. 1, "Petition").

The Petition asserts that, after the state court vacated his criminal conviction and the Immigration Judge ("IJ") terminated his removal proceedings, Petitioner's continued detention: (1) lacks statutory authority; (2) violates the Fifth Amendment's Due Process clause because it is prolonged; and (3) is punitive and serves no legitimate governmental purpose.  (*Id*.).  Petitioner

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

seeks immediate release or, alternatively, a second bond hearing.  (*Id*.).

Respondents ask the Court to stay this action pending completion of the Board of Immigration Appeals ("BIA") proceedings or to deny the Petition because DHS's appeal of the IJ's decision does not violate Petitioner's due process rights.[2]  (Doc. 8 at 3-5).  Petitioner replies that exhaustion does not bar relief; the pending BIA appeal does not "restore statutory detention authority"; the October 2025 bond hearing, which preceded the IJ's November 2025 termination order, does not satisfy due process; and continued detention violates due process.  (Doc. 9).

On May 27, 2026, the Court ordered supplemental briefing addressing: (1) the status of Petitioner's removal proceedings; (2) the legal authority for detention under 8 U.S.C. § 1226(a) while DHS's appeal of the IJ's termination order remains pending; and (3) whether continued detention under § 1226(a), without a second bond hearing, violates due process.  (Doc. 10).  The parties submitted supplemental briefs.  (Docs. 11, 15).

The undersigned recommends the district court deny the Petition without prejudice for the reasons set forth below.[3]

## I.      BACKGROUND

Petitioner is a native and citizen of Ecuador who entered the United States as a lawful permanent resident in 1986.  (Doc. 8-1 at 1).  On April 30, 1997, Petitioner was convicted of violating California Penal Code § 273.5(A), a domestic violence conviction, which made him eligible for removal under Immigration and Nationality Act ("INA") § 237(a)(2)(E)(i), as an alien who after the time of entry was convicted of a domestic violence crime.  (*Id*.).  Petitioner was convicted of driving under the influence ("DUI") in September 2004, October 2004, and July 2007.  (*Id*. at 5).

In May 2025, Petitioner was issued a Notice to Appear and Respondents initiated removal proceedings under § 237(a)(2)(E)(i).  (*Id*. at 1).  Thereafter, Petitioner filed a motion to vacate his

---

[2] Respondents peripherally address the reasons for exhaustion under Ninth Circuit law, but do assert exhaustion as a basis to decline relief.

[3] In light of the Court's recommendation to deny the Petition without prejudice, it is unnecessary to consider Respondents' alternate argument that the proceedings should be stayed while the appeal to the BIA is pending.

domestic violence conviction, which the Superior Court granted on September 5, 2025. (Doc. 1-1). At the October 8, 2025 bond determination hearing requested by Petitioner, the IJ denied Petitioner's request for a change in custody status, finding him a danger based on his three DUI convictions. (Doc. 8-1 at 8). On November 18, 2025, based on the vacatur of his domestic violence conviction, the IJ terminated Petitioner's immigration proceedings with prejudice, finding him not removable under § 237(a)(2)(E)(i). (Doc. 1-2). DHS timely appealed the IJ's decision to the BIA, which remains pending. (Doc. 1-3).

At the time the Petition was filed, Petitioner remained detained in ICE custody at the California City Immigration Processing Center. (Doc. 1 at 3).

II.   APPLICABLE LAW

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). As pertinent here, "district courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)); *see also Jennings v. Rodriguez*, 538 U.S. 281, 294 (2018).

A.   Discretionary Detention under 8 U.S.C. § 1226(a)[4]

Section 1226(a) authorizes arrest and detention of an alien pending a decision on removal and grants the government broad discretion to continue detention or release the alien on bond or conditional parole. § 1226(a); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (citing 8 C.F.R. § 236.1(c)(8)). Federal regulations provide that noncitizens detained under § 1226(a) receive bond hearings at the outset of detention and must show by a preponderance of the evidence that they are not a danger to the community or a flight risk. *Jennings*, 583 U.S. at 306

---

[4] Section 1226(c) "carves out a statutory category of aliens who may *not* be released under § 1226(a)," mandating detention for an alien apprehended under § 1226 "who falls into one of several enumerated categories involving criminal offenses." *Jennings*, 583 U.S. at 289 (emphasis in original). In January 2025, the Laken Riley Act ("LRA") amended § 1226(c) to add a new category of alien ineligible for release under § 1226(a), including aliens deemed "inadmissible" for being "present in the United States without being admitted or paroled," who have been arrested for, charged with, or convicted of certain crimes. LRA, Pub. L. No. 119-1 (Jan. 29, 2025); *see* 8 U.S.C. § 1182(a)(6)(A)(i), § 1226(c)(1)(E).

(citing 8 C.F.R. § 236.1(d)(1)); Matter *of Guerra*, 24 I.& N. Dec. 37, 40 (B.I.A. 2006); *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007).  Section 1226 also provides that "a detainee may request a bond hearing before an IJ at any time before a removal order becomes final," and may request an additional bond hearing if he or she can demonstrate a material change in circumstances.  *Id*. at 1197 (citing 8 C.F.R. § 236.1(d)(1), 1003.19(e)).

After discretionary release under § 1226(a), the government may revoke bond or conditional parole and rearrest the noncitizen "at any time," but courts have held that rearrest must comply with constitutional constraints and generally requires a change in circumstances.  *M.R.R. v. Chestnut*, 2025 WL 3265446, at *3 (E.D. Cal. Nov. 24, 2025) (internal citations omitted); *Martinez Hernandez v. Andrews*, 2025 WL 2495756, at *10 (E.D. Cal. Aug. 28, 2025) (while allowing for rearrest at any time, "this does not mean that DHS may exercise its discretion in a manner that is inconsistent with constitutional requirements.").

B.  Due Process

The Fifth Amendment's Due Process Clause protects "persons" within the United States, including noncitizens, from deprivation of liberty without due process of law.  *Trump v. J.G.G.*, 604 U.S. 670 (2025) (citing *Reno v. Flores*, 507 U.S. 292, 305 (1993)*; Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001).  The scope of protection varies by immigration status and circumstance.  *Zadvydas*, 522 U.S. at 693 ("The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law.").

Once noncitizens enter the country, even unlawfully, they are entitled to due process protections, and the Due Process Clause generally requires some form of hearing before the government deprives a person of liberty.  *Id*.; *see also Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("our immigration laws have long made a distinction between those aliens who have come to our shores seeking admission ... and those who are within the United States after an entry, irrespective of its legality.  In the latter instance, the Court has recognized additional rights and privileges not extended to those in the former category who are merely 'on the threshold of initial entry.'"); *see also Zinermon v. Burch*, 494 U.S. 113, 127 (1990).

////

4

### III.    ANALYSIS

A.  Claim One: Statutory Authority

Petitioner contends that the statutory authority for his detention ended when the IJ terminated his removal proceedings after the state court vacated his domestic violence conviction. (Doc. 1 at 6-7).   Respondents contend that detention authority continues because DHS timely appealed the IJ's termination order to the BIA.[5]

Section 1226(a) provides that an alien may be arrested and detained "*pending a decision on whether the alien is to be removed from the United States.*"  (emphasis added).  The Supreme Court has recognized that § 1226(a) authorizes detention of certain noncitizens "pending the outcome of removal proceedings under".  *Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018).

An IJ's decision does not become final while a timely appeal is pending before the BIA.  8 C.F.R. § 1003.39 ("the decision of the Immigration Judge becomes final upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken whichever occurs first.").  Thus, DHS' timely appeal of the IJ's termination leaves Petitioner's removal proceedings administratively pending.  The IJ's finding that Petitioner is not removable therefore did not, by itself, end DHS's authority to detain under § 1226(a).  *See Prior v. Andrews*, 2025 WL 2675569, at *5 (E.D. Cal. Sept. 18, 2025) (citing *Matter of E-Y-F-G*, I&N Dec. 103 (BIA 2015) ("The Immigration Judge's grant of relief in removal proceedings is not final as it has been appealed."); *see also Hurtado-Ruiz v. Holder*, 2011 WL 671746, at *2 (D. Ariz. Feb. 16, 2011) (agreeing with respondent that removal proceedings remain open pending their appeal of the IJ order, and DHS retains authority to detain petitioner).

Petitioner attempts to distinguish *Prior* and *Matter of E-Y-F-G* because those cases involved DHS appeals from grants of discretionary relief, rather than an appeal from an order terminating proceedings.  (Doc. 11 at 4-6).  That distinction is unpersuasive.  For purposes of § 1226(a), the relevant question is whether a final decision has been made regarding removability,

---

[5] Although Respondents discuss exhaustion, the Court does not construe their response as asserting failure to exhaust as a bar to habeas relief. Rather, Respondents address exhaustion only in connection with Petitioner's statutory-authority claim.  (Doc. 8 at 3–4).

not the particular type of IJ ruling under review.  Petitioner identifies no authority holding that § 1226(a) detention authority ceases while DHS's timely appeal of a termination order remains pending.  *Cf. Sebhatu v. Chestnut*, 2026 WL 184898, at *1 (E.D. Cal. Jan. 25, 2026) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021) (finding review proceedings not complete because case remains pending before BIA).

Because DHS's appeal remains pending, Petitioner remains subject to discretionary detention under § 1226(a).  The Court therefore recommends denying Petitioner's claim that § 1226(a) no longer authorizes his detention.

B.  Claim Two: Detention Without a Second Bond Hearing Under § 1226(a)

Petitioner next contends that his prolonged detention under § 1226(a), without a second bond hearing, violates the Fifth Amendment's Due Process Clause.  (Doc. 1 at 7; Doc. 9 at 4-6 (citing *Zadvydas*, 533 U.S. at 678) and *Rodriguez*, 804 F.3d at 1082).  Respondents note Petitioner received a bond redetermination hearing on October 8, 2025, at which the IJ denied bond based on Petitioner's three DUI convictions.  (Doc. 8 at 4-5).  Petitioner argues that the October 2025 hearing does not satisfy due process because it predated the IJ's November 2025 order terminating removal proceedings and therefore did not account for that changed circumstance.  (Doc. 9 at 4).

The Supreme Court and the Ninth Circuit have addressed whether the immigration-detention statutes authorize prolonged detention without additional bond procedures.  *See Rodriguez v. Hayes*, 591 F.3d 1105, 1114 (9th Cir. 2010).  The constitutional question remains unresolved.  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201, 1203 (9th Cir. 2022) (observing that neither the Supreme Court nor the Ninth Circuit has decided whether the Due Process Clause requires additional bond procedures under § 1226(a) or other immigration-detention statutes).

In *Zadvydas v. Davis*, the Supreme Court considered post-removal-order detention under 8 U.S.C. § 1231(a)(6). 533 U.S. 678 (2001).  The Court held that, after six months of detention, a noncitizen may be entitled to release upon a showing that removal is not significantly likely in the reasonably foreseeable future.  *Id.* at 701.  *Zadvydas*, however, involved individuals with final removal orders whose removal could not be effectuated.  *See Prieto-Romero v. Clark*, 534 F.3d

6

1053, 1062 (9th Cir. 2008).

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court rejected a facial due process challenge under 8 U.S.C. § 1226(c), distinguishing *Zadvydas* because detention under 8 U.S.C. § 1226(c) has a definite endpoint: a final decision regarding the alien's removability. *Id*. at 529. Justice Kennedy, in his concurrence, observed that consistent with the Due Process Clause's prohibition against arbitrary deprivations of liberty, an individualized determination of flight risk and dangerousness could be required if detention became unreasonable or unjustified. (*Id*. at 532) (Kennedy, J., concurring).

In 2015, the Ninth Circuit subsequently construed §§ 1225(b), 1226(a), and 1226(c) to require periodic bond hearings. *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom*, *Jennings v. Rodriquez*, 583 U.S. 281 (2018). In *Jennings*, the Supreme Court held that § 1226(a)'s text does not require periodic bond hearings or require the government to justify continued detention by clear and convincing evidence. 583 U.S. at 296-97, 306. Ultimately, the Court found the Ninth Circuit "erroneously concluded that periodic bond hearings are required under the immigration provisions at issue," and remanded for consideration of the constitutional claims. *Id*. at 312.

It is undisputed that Petitioner is detained pursuant to § 1226(a) and has received an individualized bond hearing. Accordingly, *Rodriguez Diaz* guides the Court's analysis. There, the Ninth Circuit held that § 1226(a)'s procedures were constitutionally sufficient, both facially and as applied, where the petitioner had been detained for fourteen months without a second bond hearing at which the government bore the burden of proof by clear and convincing evidence. 53 F.4th 1189, 1207-14. Although the Ninth Circuit did not prescribe a specific test for evaluating such claims, district courts commonly apply the balancing test from *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976). *See A.E. v. Andrews*, 2025 WL 1424382, at *4 (citing *Dusenbury v. United States*, 534 U.S. 161, 168 (2002) ("we have never viewed *Mathews* as announcing an all-embracing test for deciding due process claims."). That test considers: (1) the private interest affected; (2) the risk of erroneous deprivations under the existing procedures and the value of additional safeguards; and (3) the government's interest and burdens of additional procedures.

Mathews, 424 U.S. at 335.

First, Petitioner has a substantial liberty interest. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint – lies at the heart of the liberty [the Due Process] Clause protects." *Hernandez v. Sessions*, 872 F.3d 976, 993 (9th Cir. 2017). Petitioner has now been detained for approximately fourteen months; a period the Ninth Circuit has assumed is prolonged "in a general sense." *Rodriguez Diaz*, 53 F.4th at 1207.

But the "strength" of Petitioner's interest must be assessed in light of the process he received and the additional process available to him. *Id*. at 1207. Petitioner received a bond hearing in October 2025, at which the IJ found that he posed a danger to the community based on his three DUI convictions. (Doc. 8-1 at 8). He did not appeal that determination. Nor has he requested a second bond hearing based on materially changed circumstances, as permitted by 8 C.F.R. § 1003.19(e).

The Court recognizes that this case differs from *Rodriguez Diaz* in two respects. The IJ terminated Petitioner's removal proceedings, and his continued detention results from DHS's appeal rather than his own litigation decisions. *Compare, Rodriguez Diaz*, 53 F.4th at 1207-08. Petitioner therefore has a stronger liberty interest than a person subject to an unchallenged removal order. Nevertheless, regarding "further process due to him," Petitioner has not pursued an appeal of the October 2025 bond denial, nor has he sought a new custody determination based on the IJ's November 18, 2025 termination order. (Doc. 15 at 2); *see* 8 C.F.R. § 1003.19(e).

Second, the risk of erroneous deprivation is limited. In *Rodriguez* Diaz, the Ninth Circuit found the risk was relatively small because the petitioner's detention was subject to multiple levels of agency review, including the opportunity to seek a further custody determination based on materially changed circumstances. 53 F.4th at 1209-10.

Here, Petitioner received an individualized bond hearing and could have appealed the IJ's adverse custody determination. He may also seek a second bond hearing under § 1003.19(e) based on materially changed circumstances. Petitioner argues, without legal authority, that the bond hearing "became" constitutionally inadequate after his removal proceedings were terminated on November 18, 2025 because the termination order "eliminated the legal predicate

8

that made Petitioner subject to immigration detention in the first place." (Doc. 9 at 4-5). But he has not asked the IJ to reconsider custody in light of the asserted change. *See Rodriguez Diaz*, 53 F.4th at 1209-10 (noting petitioner availed himself of his right to seek an additional custody determination due to "materially changed circumstances" after the vacatur of a conviction).

Petitioner asserts that the § 1003.19(e) procedure is structurally inadequate because it does not impose a clear and convincing evidence burden on DHS, DHS could seek an automatic stay if the IJ orders release, and the IJ cannot decide constitutional questions. (Doc. 11 at 9-10). *Rodriguez Diaz,* however, held that the clear and convincing evidence standard from *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), does not govern initial or subsequent custody determination s under § 1226(a). 53 F.4th at 1210-12. Petitioner identifies no authority holding that the availability of an automatic stay, or an IJ's inability to decide constitutional issues, makes the existing custody-review procedures constitutional inadequate. Nor has Petitioner invoked the available process.

Third, the government has a substantial interest in administering immigration laws, ensuring attendance at removal proceedings, and protecting the community from danger. *Rodriguez Diaz*, 53 F.4th at 1208. The Court appreciates that, as argued by Petitioner, the government's interest is diminished to some extent because the IJ terminated proceedings and the government's appeal remains pending. But detention remains related to the government's regulatory interests while the BIA reviews the termination order.

Balancing the *Mathews* factors, the Court concludes that Petitioner has not shown that his continued detention without a second bond hearing violates procedural due process. He received an individualized bond hearing, did not appeal the adverse custody determination, and has not sought a new hearing based on the assertedly changed circumstances. The Petition should therefore be denied without prejudice to Petitioner seeking a new custody determination based on materially changed circumstances.[6]

---

[6] Petitioner cites *Valdez Martinez v. Warden*, No. 1:26-cv-01870-KES-EPG (E.D. Cal.) and *Gomes de Souza v. Warden*, No. 1:26-cv-01479 (E.D. Cal.) as supporting habeas relief under similar circumstances. (Doc. 11 at 10). Those cases are distinguishable because Petitioner received a custody redetermination hearing in October 2025. (Doc. 15 at 2). Moreover, it is undisputed that Petitioner remains subject to

C.  Claim Three: Substantive Due Process

Petitioner appears to contend that his continued detention violates substantive due process because DHS's appeal "meritless," "serves no legitimate purpose" and renders his detention punitive rather than regulatory.  (Doc. 1 at 7).

"Substantive due process prohibits government conduct that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty."  *United States v. Salerno*, 481 U.S. 739, 746 (1987).  Detention violates substantive due process when it becomes punitive rather than regulatory, i.e., when it lacks a regulatory purpose or is excessive in relation to that purpose.  *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021).  The point at which immigration detention becomes per se unconstitutional, however, has not been clearly defined.  *Doe v. Becerra*, 704 F. Supp. 3d 1006, 1020 (N.D. Cal. 2023) (internal citation omitted), abrogated on other grounds in *Doe v. Garland*, 109 F.4th 1188 (9th Cir. 2024).

Petitioner has not established that his detention is punitive.  Although he does not disclose a criminal record, the IJ found him to be a danger to the community based on his three DUI convictions.  (Doc. 8-1).  Petitioner did not appeal that custody determination.  *See Martinez Leiva v. Becerra*, 2023 WL 3688097, at *5 (N.D. Cal. May 26, 2023) ("[Petitioner's] argument that his detention has become punitive because he does not pose a flight risk or danger … might be correct. But that is what bond hearings are for.").

Aside from characterizing DHS' appeal as "meritless," Petitioner offers no evidence that detention lacks a regulatory purpose or is excessive in relation to the government's interest resolving the pending removal proceeding.  The Supreme Court has recognized that the government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings."  *Demore v. Kim*, 538 U.S. at 527; *see also Carlson v. Landon*, 342 U.S. 524, 538 (1952) ("Detention is necessarily a part of this deportation procedure."); *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (civil detention in immigration proceedings is assumed to be "nonpunitive in purpose and effect").  Finally, as noted in this district, "[t]he substantive due

---

discretionary detention under § 1226(a) and may seek a second bond hearing based on materially changed circumstances.

10

process framework is best suited to mandatory detention schemes that, unlike § 1226(a), lack meaningful procedural protections as detention becomes prolonged." *Silva Villicana v. Warden*, 2026 WL 1816155, at *5 (E.D. Cal. June 24, 2026).

The undersigned therefore recommends denying Petitioner's substantive due process claim.

Accordingly, it is hereby **RECOMMENDED:**

The Petition for Writ of Habeas Corpus (Doc. 1) be **DENIED** without prejudice.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court.  *Id*.; Local Rule 304(b).  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l).  A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:     August 10, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE