**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PATRICIO EDISON EXPINOZA-GALLO,<br><br>Petitioner,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-01429 JLT HBK<br><br>A-Number: 039-809-637<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITION OF WRIT OF HABEAS CORPUS, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE<br><br>(Doc. 17) |

Patricio Edison is an immigration detainee proceeding with a petition for writ of habeas corpus to 28 U.S.C. § 2241. (Doc. 1.) Petitioner notes "a state court granted Petitioner's motion to vacate his criminal conviction pursuant to California Penal Code § 1473.7," after which an immigration judge terminated [his] removal proceedings on November 18, 2025. (*Id.* at 2.) The Department of Homeland Security appealed the termination to the Board of Immigration Appeals on December 15, 2025. (*Id.*) Petitioner argues: (1) the statutory authority for his detention has ceased, (2) detention without a bond hearing violates due process, (4) detention pending the appeal "serves no legitimate purpose," and (4) he is entitled to a bond hearing or immediate release. (*Id.* at 5-8.) Respondents oppose the petition, asserting that Petitioner is not entitled to relief because he remains properly detained under 8 U.S.C. § 1226(a) while the DHS appeal is pending. (Doc. 7 at 1-2.)

The magistrate judge rejected Petitioner's assertion that there is no statutory basis for his detention, finding that he is subject to detention under 8 U.S.C. § 1226(a). (Doc. 17 at 5.) The magistrate judge explained that "[f]or purposes of § 1226(a), the relevant question is whether a final decision has been made regarding removability." (*Id.*) The magistrate judge observed that "[a]n IJ's decision does not become final while a timely appeal is pending before the BIA." (*Id.*, citing 8 C.F.R. § 1003.39.) As a result, the magistrate judge found, "DHS' timely appeal of the IJ's termination leaves Petitioner's removal proceedings administratively pending," and the IJ's decision "did not, by itself, end DHS's authority to detain under § 1226(a)." (*Id.*, citing *Prior v. Andrews*, 2025 WL 2675569, at *5 (E.D. Cal. Sept. 18, 2025), *Hurtado- Ruiz v. Holder*, 2011 WL 671746, at *2 (D. Az. Feb. 16, 2011). The magistrate judge recommended the Court "deny[] Petitioner's claim that § 1226(a) no longer authorizes his detention." (*Id.* at 6.)

Next the magistrate judge evaluated Petitioner's claim that "his prolonged detention … without a second bond hearing[] violates the Fifth Amendment's Due Process Clause." (Doc. 17 at 6, citing Doc. 1 at 7, Doc. 9 at 4-5.) The magistrate judge found *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022) "guide's the Court's analysis," and applied the test identified in *Mathews v. Eldridge*, 424 U.S. 391 (1976). (Doc. 17 at 7.) The magistrate judge found "Petitioner has a substantial liberty interest," but also received due process including a bond hearing—after which he did not appeal the IJ's bond determination—and he was able to request a hearing for materially changed circumstances though Petitioner elected not to invoke the available process. (*Id.* at 8-9.) In addition, the magistrate judge found the government possesses "a substantial interest in administering immigration laws" and keeping Petitioner detained through the appeal process. (*Id.* at 9.) The magistrate judge concluded the *Mathews* factors did not support the Court ordering a second bond hearing. (*Id.*; *see also id.* at 7-9.)

To the extent Petitioner asserted that his continued detention "serves no legitimate purpose" and was "meritless," the magistrate judge found Petitioner raised a substantive due process claim. (Doc. 17 at 10.) The magistrate judge found Petitioner did not show that his detention was punitive. (*Id.*) In so finding, the magistrate judge noted that "the IJ found him to be a danger to the community based on his three DUI convictions" and Petitioner did not appeal

this finding. (*Id.*) Furthermore, the magistrate judge found "no evidence that detention lacks a regulatory purpose or is excessive in relation to the government's interest resolving the pending removal proceeding." (*Id.*)

The magistrate judge recommended the Court deny the petition without prejudice. (Doc. 17 at 11.). Petitioner filed timely objections to the Findings and Recommendations. (Doc. 20.) Petitioner objects to the findings that: (1) Section 1226(a) authorizes his detention pending DHS' appeal of the IJ order terminating Petitioner's immigration proceedings, (2) after balancing the *Mathews* factors Petitioner does not show his detention without a bond hearing violates his procedural due process rights, and (3) Petitioner's substantive due process claim should be denied because he did not establish either that his detention is punitive or that his detention is not reasonably related to a legitimate regulatory purpose. (*See id.* at 1-6.) Petitioner also objects to the recommendation that the petition be denied. (*Id.* at 7.) He contends the Court should instead hold the petition in abeyance and direct Petitioner to file a § 1003.19(e) motion, while retaining jurisdiction to order a burden- shifted bond hearing. (*Id.*) The Court finds Petitioner's objections are unpersuasive.

As the magistrate judge determined, the IJ's order terminating removal proceedings is not final, and the order does not provide a basis for his release because the removal proceedings are ongoing. *See, e.g., Duarte Bernal v. Dep't of Homeland Sec.*, 2026 WL 1266263, at *2 (E.D. Cal. May 8, 2026) ("termination of removal proceedings is not a proper basis for release until the IJ's termination ruling becomes final"); *Alvarez Sanchez v. U.S. Immigr. & Custom. Enf't*, 2026 WL 2517497, at *3 (E.D. Cal. Aug. 26, 2026) (when an IJ granted the petitioner's motion to terminate removal proceedings, the petitioner remained lawfully detained because the IJ's decision was not final); *see also Solis Hernandez v. Warden.*, 2026 WL 2972120, *1 (N.D. Tex. July 22, 2026) ("although Petitioner's immigration proceedings were terminated by an IJ, the decision to terminate proceedings cannot be executed while DHS's appeal remains pending with the BIA" and as a result, "Petitioner remains in removal proceedings until the BIA issues a decision on the pending appeal"). As a result, Petitioner remains subject to detention under Section 1226(a).

Petitioner also does not show error by the magistrate judge in evaluating the *Mathews* factors. In *Rodriguez Diaz*, the Court observed that "by the time of the district court decision, Rodriguez Diaz was detained for fourteen months following his first bond hearing." *Id.*, 53 F.4th at 1207. Despite having "a legitimate and reasonably strong private liberty interest under *Mathews*"—such as Petitioner argues that he possesses— the Court found the factors weighed against finding Rodriguez Diaz suffered a due process violation.[1] *Id.*, 53 F.4th at 1207; *see also* 1207-1214. Consistent with the analysis in *Rodriguez Diaz*, the magistrate judge did not err in finding the second and third *Matthews* factors weigh against the Court ordering that Petitioner receiving a second bond hearing for the procedural due process ground raised in the petition. Petitioner also does not show any error by the magistrate judge in addressing his substantive due process ground, as there is nothing in the record to support a conclusion that his detention is "meritless" or for punitive purposes. Finally, Petitioner's detention remains related to a legitimate regulatory purpose under Section 1226(a) while the appeal of the IJ's order is pending. *See Alvarez Sanchez* 2026 WL 2517497, at *3; *Solis Hernandez.*, 2026 WL 2972120, *1.

Finally, Petitioner does not identify any legal authority supporting the disposition requested in his objections. (*See* Doc. 20 at 7.) As Petitioner is not entitled to relief on the grounds raised in the petition, the Court finds no reason to hold the petition in abeyance. Moreover, the Court declines to order Petitioner to avail himself of a process to which he possesses a statutory right, without any involvement of the Court.

According to 28 U.S.C. § 636(b)(1), the Court performed a *de novo* review of the case. Having carefully reviewed the entire matter, including Petitioner's objections, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations (Doc. 17) are **ADOPTED**.

///

[1] Notably, in *Rodriguez Diaz*, the petitioner had a drug conviction vacated and sought a hearing under 8 C.F.R. § 1003.19(e) for a material change in circumstances after the conviction was vacated. *Id.*, 53 F.4th at 1195. Despite this, the Court found the first *Mathews* factor weighed against the petitioner. Here, in contrast, Petitioner did not seek a hearing under Section 1003.19(e) prior to filing this petition.

2. The petition for writ of habeas corpus is **DENIED** without prejudice.

3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: _October 26, 2026_

Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE